IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARK CARSON,

    Plaintiff,
v.                                                  CASE NO. 1:06-cv-00098-MP-AK

J CURT INC,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Docs. 38, 39 and 40, Motion for Summary Judgment with supporting materials, filed by J Curt Inc. The plaintiff has filed a response, docs. 50 and 51. For the reasons given below, the motion is granted, and summary judgment will be entered for the defendant.

Defendant J-Curt, Inc., owns and operates McDonald's franchises, including the McDonald's restaurant located at 6003 Newberry Road in Gainesville, Florida. The Plaintiff Mark Carson worked for J-Curt at that store as an hourly paid, overtime-eligible employee from January through April, 2006, when he voluntarily resigned. Plaintiff claims that the Defendant automatically deducted lunch periods that he did not take from his hours worked, thereby failing to pay him overtime that was rightfully due under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

J-Curt, Inc. maintains a computerized time reporting system that records employee time punches into the computer system and then provides the employee with a daily receipt, thereby giving the employee a record of what is recorded in the Defendant's payroll system. J-Curt pays employees based on the time recorded in the system. During mandatory employee orientation

and in policy statements, J-Curt tells employees to retain the daily receipts as proof of hours worked.  The Plaintiff admitted in his deposition that he had been so advised but that he had discarded all or part of his daily receipts.

Because of the lack of time receipts, Plaintiff does not have any evidence of hours he worked other than his own testimony.  Additionally, the Defendant has submitted detailed Time Punch Summary Reports (Exhibit 3, to Doc. 40, Defendant's Initial Disclosures, pp. 6-16).  These reveal that the times clocked in and out for lunch were both random in occurrence (not at the same time each day), and non-uniform in duration.  Thus it is implausible that they would have been the result of an automatic procedure or glitch.  Instead, it is considerably more likely that the times reflect someone intentionally clocking in and out.  In this regard, Plaintiff alleges, but has not provided one shred of evidence, that someone must have gone into the system and altered the time records.  (Plaintiffs Depo., pp. 76-78).

Defendant argues that plaintiff has failed to provide sufficient evidence to bring this case to a jury, while Plaintiff responds that his testimony alone should suffice.  The Supreme Court of the United States held, in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986) that "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial." ' <u>Celotex Corp.</u>, at 274.  Moreover, although a court must review the facts drawing all inferences most favorable to the party opposing the motion, the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment . That is, the existence of a mere scintilla of evidence will not suffice. Thus, while a court must "draw inferences from the evidence in the light most favorable to the non-movant," Speciality Malls of Tampa v. The City of Tampa, 916 F.Supp. 1222 (Fla.M.D.1996). (emphasis added), a court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.' " Mize v. Jefferson City Board of Education, 93 F.3d 739, 743 (11th Cir.1996).

Here, the Defendant has provided evidence of properly maintained time punch logs. Plaintiff disputes that these are accurate, but offers no evidence to support his claim other than his testimony. Moreover even that evidence is vague and conclusory. He does not provide any specifics as to which hours he worked in particular weeks or on certain days. Moreover, the undisputed testimony is that Plaintiff was specifically instructed to retain his time sheets, and he admits he was given daily time sheets but chose to discard them -- even after he says he became suspicious that he was being charged a lunch break improperly. (Carson Depo. p. 35, Exh. 2 to doc. 39). Thus, the Court concludes that Plaintiff has failed to produce sufficient evidence to prove that he "performed work for which he was improperly compensated" and "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

inference." <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946)(superseded by statute on other grounds).

    Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Defendant's Motion for Summary Judgment (doc. 38) is granted and summary judgment is granted in favor of Defendant on all claims. The pretrial conference, currently set for February 22, 2007, is hereby cancelled.

    **DONE AND ORDERED** this  *21st*  day of February, 2007

               *s/Maurice M. Paul*
               Maurice M. Paul, Senior District Judge