IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK CARSON,

    Plaintiff,

v.                                                                     CASE NO. 1:06-cv-00098-MP-AK

J CURT INC,

    Defendant.

_____/

## **O R D E R**

      Previously, the Court granted summary judgment in this case in favor of the Defendant. Doc. 65. The Plaintiff now moves to reconsider that order, arguing that "[i]n determining that it was implausible that Defendant would make automatic lunch deductions from Plaintiff's hours worked, this Court construed the factual dispute against Plaintiff and in favor of Defendant and made an impermissible credibility determination depriving Plaintiff of his right to a trial by jury on a disputed fact issue." The Defendant responded, doc. 71, and a hearing was held on the matter on April 30, 2008.

      Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003), citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F.Supp. 1072, 1072-73 (M.D.Fla.1993). The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694

(M.D.Fla.1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F.Supp. 1514, 1521 (M.D.Fla.1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F.Supp. at 1073; PaineWebber, 902 F.Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F.Supp. at 1072-73.

Here, in its previous order, the Court recognized that although Plaintiff testified that he suspected that someone had wrongfully adjusted his timesheets, he offered no evidence supporting his claim and no evidence showing how much he worked and how much he should have been paid. As the Court stated in the order at doc. 65:

> Here, the Defendant has provided evidence of properly maintained time punch logs. Plaintiff disputes that these are accurate, but offers no evidence to support his claim other than his testimony. Moreover even that evidence is vague and conclusory. He does not provide any specifics as to which hours he worked in particular weeks or on certain days. Moreover, the undisputed testimony is that Plaintiff was specifically instructed to retain his time sheets, and he admits he was given daily time sheets but chose to discard them -- even after he says he became suspicious that he was being charged a lunch break improperly. (Carson Depo. p. 35, Exh. 2 to doc. 39). Thus, the Court concludes that Plaintiff has failed to produce sufficient evidence to prove that he "performed work for which he was improperly compensated" and "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946)(superseded by statute on other grounds).

In other words, the Court did not engage in credibility determinations concerning what Plaintiff testified. Instead, even if Plaintiff's testimony is credited, it is not sufficient to prove a case under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Accordingly, Plaintiff has not shown

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Thus, the motion to resconsideration is denied.

Also pending at this point are Defendant's motion for sanctions (doc. 67) and Defendant's motion for taxation of costs (doc. 68). Previously, the Court, in an order at doc. 82, stayed disposition of these motions until after the motion for reconsideration was resolved. The Plaintiff has replied to the motion for sanctions (doc. 77) but has not responded to the motion for taxation of costs. The Court will now address the motion for sanctions, and will direct Plaintiff to file a response to the motion for taxation of costs.

With regard to the motion for sanctions, Rule 11 of the Federal Rules of Civil Procedure provides that by signing a pleading, motion, or other paper presented to the court, the attorney signing is certifying that the claim asserted is neither frivolous nor brought for an improper purpose. Fed.R.Civ.P. 11(b). The Rule further provides that if a party violates that certification a court may, after notice and an opportunity for the offending party to respond, impose sanctions. Fed.R.Civ.P. 11(c).

When ruling on a motion for sanctions pursuant to Fed.R.Civ.P. 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous ." Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir.2001). Rule 11 is intended "to deter claims with no factual or legal basis at all." Davis v. Carl, 906 F.2d 533, 538 (11th Cir.1990).

The first prong of this inquiry is an objective standard for assessing conduct, that takes into account the "reasonableness under the circumstances" and "what was reasonable to believe

at the time" the representation to the Court was made. <u>Aetna Ins. Co. v. Meeker,</u> 953 F.2d 1328, 1331 (11th Cir.1992); <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir.1987). An objectively frivolous claim can be demonstrated in one of three ways: (1) when a party files a pleading, written motion or other paper that has no reasonable factual basis; (2) when a party files a pleading, written motion or other paper that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading, written motion or other paper in bad faith for an improper purpose. <u>Id.</u>; <u>see also Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th Cir.1996).

Assuming the first prong of the inquiry is satisfied, the second test focuses on whether the lawyer should have been aware that the claims were frivolous; "that is, whether he would have been aware had he made a reasonable inquiry." <u>Jones v. International Riding Helmets, Ltd.</u>, 49 F.3d 692, 695 (11th Cir.1995). The reasonableness of the prefiling inquiry depends on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. <u>Id.</u> (citing <u>Donaldson v. Clark</u>, 819 F.2d at 1556).

The Court's analysis must focus on what the lawyer knew or did before filing the paper. The text of Rule 11 permits sanctions only if the objectionable court paper is "signed in violation of this rule." <u>Souran v. Travelers Ins. Co.</u>, 982 F.2d 1497, 1507 (11th Cir.1993). Thus, the Court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing. <u>Id.</u> at 1508 (citations omitted). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was

submitted." Id. at 1507 (quoting Fed.R.Civ.P. 11, Advisory Committee Note, 1993 Amend.)

This means that Rule 11 sanctions are warranted when a party demonstrates a "deliberate indifference to obvious facts," but not when the evidence is merely weak or the case is brought as a result of "poor judgment." Davis v. Carl, 906 F.2d at 537.  If there is "scant on-point authority to guide the reasonable lawyer to the conclusion that ... he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law [,]" then the lawyer should not be sanctioned.  Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir.2003) (reversing Rule 11 sanction award as abuse of discretion despite affirming district court's dismissal of action on the merits).  On the other hand, if a lawyer knows at the time of filing that his client's claims are not plausible under the facts or the law, then he may be sanctioned under the Rule. See Jones, 49 F.3d at 695-96.

Applying these standards to the facts at hand, the Court concludes that this is a case where the evidence turned out to be weak, but where sanctions are not appropriate.  It was not until after discovery that the Plaintiff would know that evidence of improper timesheet keeping would or would not be found.  While we now know that such evidence was lacking, the Eleventh Circuit and the drafters of Rule 11 direct Courts "to avoid using the wisdom of hindsight" to justify imposing sanctions.  Because Plaintiff and Plaintiff's counsel could have reasonably

believed at the time the case was filed that evidence of improper timekeeping could be found to support Plaintiff's testimony, the motion for sanctions will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for reconsideration, doc. 70, is denied.  The motion for sanctions, doc. 67, is denied.  Plaintiff shall file a response to doc. 68, the motion for taxation of costs, by Thursday, September 25, 2008.  The Court will take that matter under advisement at that time.

**DONE AND ORDERED** this  *11th*   day of September, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge