IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK CARSON,

    Plaintiff,

v.                                                                    CASE NO. 1:06-cv-00098-MP-AK

J CURT INC,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 68, Defendant's First Motion for Taxation of Costs, to which the Plaintiff has responded, Doc. 69. In the response, the Plaintiff agrees that costs of $699.00 for the transcript of the deposition of the Plaintiff is taxable under 28 U.S.C. § 1920(2), but disagrees that post-judgment interest should run from February 21, 2007. Instead, Plaintiff points to his motion for reconsideration, Doc. 70, which was denied on September 11, 2008, and argues that post-judgment interest should run from that date.

Title 28 U.S.C. § 1961(a) states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment

The text of this section discusses only "date of entry of the judgment" and the only judgment in the instant case was entered on February 21, 2007. Also, although the Court has not found authority specifically addressing this scenario, and Plaintiff cites none himself, Courts in analogous situations have used the date of the entry of the original judgment. For example, in

<u>Woodmont, Inc. v. Daniels</u>, 290 F.2d 186 (10th Cir. 1961), the panel held that interest accrued from the date of the original judgment even though the obligor had appealed the judgment and lost.  Also, in <u>Litwinowicz v. Weyerhaeuser S.S. Co.</u>, 185 F.Supp. 692 (E.D.Pa.1960), the Court held that where judgment was entered for plaintiffs, and later post-trial motions were denied, interest ran from date of entry of the judgment, and not merely from date of disposition of post-trial motions. The undersigned adopts the reasoning of these Courts, and it is hereby

**ORDERED AND ADJUDGED:**

The motion for taxation of costs, Doc. 68, is granted.  Costs in the amount of $699.00 and post-judgment interest from February 21, 2007 are taxed against Plaintiff and in favor of Defendant.  Such interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding February 21, 2007.

**DONE AND ORDERED** this  *2nd*   day of December, 2008

>        *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge